**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-60286
Summary Calendar

USAA LIFE INSURANCE COMPANY,

Plaintiff-Counter Defendant-Appellee,

VERSUS

EDWARD P. KESZENHEIMER, JR.,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

(3:97-CV-784)

February 4, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Counter Claimant-Appellant, Edward P. Keszenheimer, Jr. appeals the jury verdict in favor of Plaintiff-Counter Defendant-Appellee, USAA Life Insurance Company in this declaratory judgment action. Keszenheimer also appeals the district court's summary judgment for USAA on Keszenheimer's counterclaim which alleged USAA handled his disability insurance claim in bad faith. We affirm.

Keszenheimer purchased a disability income policy from USAA in 1986. In November 1994, he experienced an episode of acute

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

vertigo, for which he sought medical treatment. Keszenheimer, a 39 year old directional drilling supervisor, did not return to work and submitted a claim for disability benefits based on an alleged vestibular (inner ear) problem, which USAA paid for over three years.

USAA then filed a declaratory judgment action alleging Keszenheimer never had a disability. Keszenheimer filed a counter claim for bad faith handling of his disability claim. The district court dismissed the counter claim on summary judgment and the remainder of the case went to trial before a jury. The jury found that Keszenheimer was 70% disabled from December 5, 1995 through December 31, 1998, and 20% disabled "at the present time" (on the verdict form dated January 4, 1999). The district court ordered that USAA is entitled to reimbursement of $39,960.00, 30% of the benefits paid to Keszenheimer from 1995-1998, and that USAA may reduce its monthly benefit payments to Keszenheimer to 20% of the maximum monthly benefit beginning January 1, 1999.

On appeal, Keszenheimer complains that the district court erred in submitting the special interrogatories to the jury. Specifically, he contends that the following instruction, appearing between interrogatories 3 and 4, was peremptory in favor of USAA and prompted the jury to enter judgment which was not as favorable as he would have liked.

> If your answer to no. 3 is "no," do not answer No. 4. If your answer to no. 3 is "yes," then answer the following questions and the Court will grant a judgment in favor of USAA against Keszenheimer in an amount based on your answers to No. 4a. and 4b.

When read as a whole, the jury charge clearly and fairly presented the contested issues to the jury.  *See Central Progressive Bank v. Fireman's Fund Ins. Co.*, 658 F.2d 377, 381 (5th Cir. 1981).  We find no error in the jury charge or interrogatories.

Keszenheimer next contends that the jury's answers were an impermissible compromise verdict.  *See Yarbrough v. Sturm, Ruger & Co.*, 964 F.2d 376, 379 (5th Cir. 1992)(if the record establishes a compromise verdict, a new trial is required).  When a jury's answers to written interrogatories appear to conflict, the court must attempt to reconcile the answers to validate the jury's verdict," *Rideau v. Parkem Indus. Services, Inc.*, 917 F.2d 892, 896-97 (5th Cir. 1990), "view[ing] the evidence and all reasonable inferences in the light most favorable to the jury's determination." *Rideau*, 917 F.2d at 897.  We may not substitute for the jury's reasonable factual inferences other inferences that we may regard as more reasonable.  *See id.*

Keszenheimer argues that because there is no direct evidence of a change in his condition between December 31, 1998 and January 1, 1999, the jury's 70%/20% answers are necessarily a compromise verdict.  In order to reverse on this ground, we would have to ignore rational explanations for the jury's answers.  For instance, the jury may have unanimously decided that 70% accurately described the range of disability Keszenheimer experienced over the three year period covered by question number three, while 20% accurately described his level of disability "at the present time" in response to question number two.  We find no basis in this record for

3

concluding that the jury reached an impermissible compromise verdict.

Keszenheimer next urges us to reverse the district court's denial of his motion for new trial arguing that the verdict is against the great weight of the evidence. We will affirm the denial of a motion for new trial unless the movant in the district court makes a clear showing of "an absolute absence of evidence to support the jury's verdict." *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998).

Keszenheimer hangs his hat on the fact that three physicians testified that he was disabled, while only one physician, a non-treating physician who was paid by USAA, testified that he was malingering. Although the jury was entitled to find the one physician credible and discount as not credible the other medical testimony, other evidence in this record amply supports the jury's verdict. For instance, uncontroverted evidence of Keszenheimer's extensive firefighting activities and his application for and receipt of a commercial driver's license during the relevant time period belie his position that he was unable to work. The district court's denial of the motion for new trial was not error.

Likewise, Keszenheimer's argument that the bare fact that he did not receive income from December 1995 to the present entitles him to benefits under the policy is without merit. Under the language of the policy, "covered loss" includes income lost "solely because of injury or sickness." Income loss due to voluntary unemployment or malingering is not covered.

4

Keszenheimer next challenges the district court's reimbursement order arguing that USAA waived any right to recovery based on benefit payments it made after its internal decision that Keszenheimer was not disabled. Contrariwise, he argues that USAA should compensate him for its "bad faith" handling of his claim, apparently complaining that it did not pay him the benefits claimed without question. We find no error in either the dismissal of the bad faith counter claim or the award of reimbursement. USAA began payments on the claim in good faith. After discovering cause to question the validity of the claim, USAA filed a declaratory judgment action to settle the parties' rights and continued payments. We can discern no evidence of bad faith or waiver in this record.

For the foregoing reasons, we affirm the judgment in favor of USAA and the dismissal of Keszenheimer's counter claim.

AFFIRMED.